## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND,<br>LABORERS' WELFARE FUND OF THE<br>HEALTH AND WELFARE DEPARTMENT<br>OF THE CONSTRUCTION AND GENERAL<br>LABORERS' DISTRICT COUNCIL OF<br>CHICAGO AND VICINITY, THE CHICAGO<br>LABORERS' DISTRICT COUNCIL RETIREE<br>HEALTH AND WELFARE FUND,<br>CATHERINE WENSKUS, not individually but<br>as Assistant Administrator of the Funds, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Plaintiffs, | ) | Judge |
| v. | )<br>) | Case No.: 18 C 6887 |
| BECHSTEIN CONSTRUCTION, CORP., an<br>Illinois corporation, | )<br>)<br>) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund and Catherine Wenskus, not individually but as Assistant Administrator of the Funds, (collectively the "Funds"), by their attorneys Patrick T. Wallace, Amy N. Carollo, G. Ryan Liska, and Katherine C.V. Mosenson, and for their Complaint against Bechstein Construction, Corp., state:

### COUNT I

### (Failure to Submit Benefit Contributions)

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, and 29 U.S.C. §185(a), 28 U.S.C. §1331.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4.      Plaintiff Catherine Wenskus ("Wenskus") is the Assistant Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant Bechstein Construction, Corp., (hereinafter collectively referred to as "Bechstein" or the "Company") is an Illinois corporation and at all times relevant did business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

2

6.      The Union is a labor organization within the meaning of 29 U.S.C. §185(a).  At all times relevant herein, the Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2017 (A true and accurate copy of the Independent Construction Industry Collective Bargaining Agreement signed by the Company which adopts and incorporates the various area-wide collective bargaining agreements and the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A).

7.      The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.  Further, the Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the Will Grundy Industry Trust Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA Fund"), the Illinois Small Pavers Association Fund ("ISPA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those Funds.

3

8.      The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.  The Company is obligated to pay between 10% liquidated damages on late-paid contributions, 20% liquidated damages on late-paid, Pension, Welfare, Retiree Welfare and Training Fund contributions, plus interest at a rate of 12% from the date the contributions were due until the contributions are paid.

9.      The Agreement and the Funds' respective Agreements and Declarations of Trust requires the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.      The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

11.      Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)      failed to submit benefit contributions totaling $45,961.84 due to the Laborers' Pension Fund for the period of May through August 2018, thereby depriving the Pension Fund of information and income necessary to administer the Fund;

(b)      failed to submit benefit contributions totaling $37,204.83 due to the Laborers' Welfare Funds of the Health and Welfare Department of the Construction and General Laborers'

4

District Council of Chicago and Vicinity for the period of May through August 2018, thereby depriving the Welfare Fund of information and income necessary to administer the Fund;

    (c)    failed to submit benefit contributions totaling $17,297.63 due to the Chicago Laborers' District Council Retiree Health and Welfare Fund for the period of May through August 2018, thereby depriving the Retiree Welfare Fund of information and income necessary to administer the Fund;

    (d)    failed to submit benefit contributions totaling $2,539.28 due to the Laborers' Training Fund for the period of May through August 2018, thereby depriving the Training Fund of information and income necessary to administer the Fund; and

    (e)    failed to obtain and maintain a surety bond in accordance with the terms of the collective bargaining agreement.

    12.    Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company owes $20,600.73 in liquidated damages plus interest on the unpaid May through August 2018 benefit reports.

    13.    The Company failed to submit timely payment of its June 2017 through April 2018 benefit reports. Accordingly, the Company owes $11,226.25 in accumulated liquidated damages on those late-paid reports plus interest.

    14.    The Company's actions in failing to submit timely payment of benefit contributions reports violates Section 515 of ERISA, 29 U.S.C. §1145.

    WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant Bechstein Construction, Corp. as follows:

a.  entering judgment in favor of the Funds and against Defendant in the amount of $134,830.56 in unpaid contributions, liquidated damages and accumulated liquidated damages, plus interest and Plaintiffs' reasonable attorneys' fees and costs on late and unpaid contributions from the period of June 2017 through August 2018;

b.  ordering the Company to obtain and maintain a surety bond in accordance with the terms of the collective bargaining agreement; and

c.  awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Submit Benefit Contributions)

15.  Plaintiffs reallege paragraphs 1 through 14 of Count I.

16.  Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)  failed to submit $3,985.28 in benefit contributions due to the Laborers' Pension Fund for the audit period of October 1, 2014 through September 30, 2017 (a true and accurate copy of the audit is attached hereto as Exhibit B), thereby depriving the Pension Fund of information and income necessary to administer the Fund;

(b)  failed to submit $3,732.52 in benefit contributions due to the Laborers' Welfare Funds of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the audit period of October 1, 2014 through September 30,

2017, thereby depriving the Welfare Fund of information and income necessary to administer the Fund;

(c)     failed to submit $1,488.00 in benefit contributions due to the Chicago Laborers' District Council Retiree Health and Welfare Fund for the audit period of October 1, 2014 through September 30, 2017, thereby depriving the Retiree Welfare Fund of information and income necessary to administer the Fund;

(d)     failed to submit $187.00 in benefit contributions due to the Training Fund for the audit period of October 1, 2014 through September 30, 2017, thereby depriving the Training Fund of information and income necessary to administer the Fund;

(e)     failed to submit $61.75 in benefit contributions due to the LDCLMCC Fund for the audit period of October 1, 2014 through September 30, 2017, thereby depriving the LDCLMCC Fund of information and income necessary to administer the Fund;

(f)     failed to submit $26.25 in benefit contributions due to the LECET Fund for the audit period of October 1, 2014 through September 30, 2017, thereby depriving the LECET Fund of information and income necessary to administer the Fund; and

(g)     failed to submit $30.00 in benefit contributions due to the ISPA Fund for the audit period of October 1, 2014 through September 30, 2017, thereby depriving the ISPA Fund of information and income necessary to administer the Fund.

17.     Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company owes $1,890.37 in liquidated damages, $1,104.96 in audit costs, plus interest pursuant to the findings on the audit for the period of October 1, 2014 through September 30, 2017.

18.     The Company's actions in failing to submit payment of benefit contributions violates Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant Bechstein Construction, Corp. as follows:

a.      entering judgment in favor of the Funds and against Defendant in the amount of due on the audit for the period of October 1, 2014 through September 30, 2017 including benefit contributions, liquidated damages, interest, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.


## COUNT III

### (Failure To Submit Dues)

19.     Plaintiffs reallege paragraphs 1 through 18 of Count I.

20.     Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

21.     Notwithstanding the obligations imposed by the Agreement, the Company has failed to submit payment of $632.76 in dues on the audit for the period of October 1, 2014 through September 30, 2017, plus $63.28 in liquidated damages and $624.14 in accumulated liquidated damages on late paid dues reports, thereby depriving the Union of income and

information.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Bechstein Construction, Corp.:

    a.  entering judgment in favor of Plaintiffs and against the Company for $632.76 in dues on the audit for the period of October 1, 2014 through September 30, 2017, plus $63.28 in liquidated damages and $624.14 in accumulated liquidated damages, plus audit costs and Plaintiffs' reasonable attorneys' fees and expenses; and

    b.  awarding Plaintiffs any additional legal and equitable relief as the Court deems appropriate.

October 12, 2018

Laborers' Pension Fund, et al.

By: _/s/ Patrick T. Wallace_

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

9



**HEADQUARTERS OF**

# Construction & General Laborers'
# District Council of Chicago and Vicinity

Affiliated with the Laborers International Union of North America, A. F. of L. - C. I. O.

6121 WEST DIVERSEY AVENUE • CHICAGO, ILLINOIS 60639 • PHONE: 312-237-7537 • FAX: 312-237-3417

LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092

Joseph A. Lombardo, Jr.
Secretary-Treasurer

Bruno Caruso
President
Business Manager

## MEMORANDUM OF JOINT WORKING AGREEMENT

It is hereby stipulated and agreed by and between _____ Bech. Td G. _____ therein called the "EMPLOYER", and the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092, and encompassing the geographical areas of the counties of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry, and Boone, in the State of Illinois, together with any other Locals which may come within the jurisdiction of the UNION, that:

1. Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's laborer employees, acknowledges and agrees that there is no bona fide doubt that the Union has been authorized to and in fact does represent such majority of laborer employees. Therefore, the Union is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work, and other terms and conditions of employment in accordance with Section 9 of the National Labor Relations Act without the need for a Board Certified Election.

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Concrete Contractors Association of Greater Chicago, the Illinois Road Builders Association, the Underground Contractors Association, Mason Contractors Association of Greater Chicago, Street Paving and Ground Separation Contractors, G.D.C.N.I./C.A.W.C.C., Chicago Building Wreckers Association, Lumber Trade Association, Lake County Contractors Association, Lake County Paving Contractors has a duly negotiated agreement, and re-establishes all agreements from June 1, 1976, together with all amendments thereto. It is further agreed that where a contractor works in the jurisdiction of any local UNION, then the agreement of the local Union is herein specifically incorporated in this agreement and shall supersede the standard District Council agreement in the case of any conflict between the District Council agreement and the local agreement having to do with wages, benefits, or conditions of employment. Nothing herein shall limit the jurisdiction of this agreement to less than that provided in the Memorandum of Agreement.

3. The EMPLOYER agrees to pay the amounts which (he) (it) is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, to the LABORERS PENSION FUND, and to the CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY TRAINING TRUST FUND and to become bound by and be considered a party to the Agreements and the Declaration of Trusts creating said Trust Funds as (he) (it) had signed the original copies of the Trust Instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declaration of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust Instruments.

The EMPLOYER further affirms and re-establishes that all prior contributions paid to the Welfare, Pension and Training Funds were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions, the EMPLOYER evidences the intent to be bound by the terms of the Trust Agreements and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

4. Employees covered by this Memorandum of Agreement shall retain all the work traditionally performed by laborers. The EMPLOYER agrees that he will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER who contracts out or sublets any of the work coming within the jurisdiction of the UNION shall assume the obligations of any subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER's violation of any provision of this paragraph will give the UNION the right to take any other lawful action, including all remedies at law or equity.

5. In the event of any change in the ownership, management, or operation of the EMPLOYER's business by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

6. The negotiated wage and fringe benefit contribution rates in the various Collective Bargaining Agreements are as follows:

| | |
|---|---|
| June 1, 1995 | $20.95 Per Hour Wages |
| | $3.12 Per Hour Health and Welfare Fund |
| to | $1.45 Per Hour Pension Fund |
| | $.10 Per Hour Training Fund |
| May 31, 1996 | $ .02 Per Hour MCIAF (or such amount as provided in local agreement) |
| | $.01 Per Hour Chicagoland Safety Council (if applicable in local agreement) |
| | Dues Deductions are $.25 Per Hour for each hour worked unless notified of an increase. |
| June 1, 1996 | $1.00 Per hour increase for the year June 1, 1996 through May 31, 1997 to be |
| to | allocated between wages and fringe benefits by the Union in its sole discretion. |
| May 31, 1997 | Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated. |
| | MCIAF and Chicagoland Safety Council remain as above for the life of the contract. |
| | Dues Deductions are $.25 Per Hour unless notified of an increase. |
| June 1, 1997 | $1.00 Per hour increase for the year June 1, 1997 through May 31, 1998, to be allocated |
| to | between wages and fringe benefits by the Union in its sole discretion. |
| May 31, 1998 | Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated. |
| | MCIAF and Chicagoland Safety Council remain as above for the life of the contract. |
| | Dues Deductions are $.25 Per Hour unless notified of an increase. |

All additional wage rate dues checkoff, or fringe benefit increases as negotiated after May 31, 1998, shall be incorporated in this Memorandum of Agreement.

7. Effective June 1, 1995, all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by said contract, working dues in the amount of Twenty Five Cents ($.25) for each straight-time hour worked and Twenty-Five Cents ($.25) for each overtime hour worked, and shall remit monthly to the UNION office designated to the EMPLOYER by the District Council the sums so deducted, together with an accurate list of employees from whose wages said dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended and such deductions be made only pursuant to written agreements from each employee on whose account such deductions are made, which assignment shall not be irrevocable for a period of more than one year or beyond the termination date of the Memorandum of Agreement, whichever occurs sooner.

9. This Agreement shall remain in full force and effect through May 31, 1998 and shall continue thereafter unless there has been given written notice, by registered or certified mail by either party hereto received not less than 60 days nor more than 90 days prior to the expiration date, of the desire to modify and amend the Agreement through negotiations. In the absence of such notice, the EMPLOYER and the UNION agree to be bound by the area wide negotiated contracts with the various Associations, incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated contract.

10. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete Joint Working Agreement.

Dated at _____ Oliu Pk _____ this _____ 29th _____ day of _____ May _____, 19 98

**ACCEPTED:**

Laborers' Local Union No. _____ 5500 _____

By: _____

By: _____ BECHSTEIN CONST CORP _____ (Employer)

By: _____ (Name and Title)

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _____ Bruno Caruso, President/Business Manager _____

_____ 17368-68 ct _____ (Address)

_____ TINLEY PARK ILL 60477 _____ (City) (State) (Zip Code)

By: _____ Joseph A. Lombardo, Jr. _____
Joseph A. Lombardo, Jr., Secretary-Treasurer

_____ 708-532-3500 _____ (Telephone)

**DISTRICT COUNCIL**

EXHIBIT
A

10/12/18

# LABORERS' PENSION & WELFARE FUNDS

AUDIT

EMPLOYER  BECHSTEIN CONSTRUCTION CORP.                CODE  20598

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

10-1-14 - 9-30-17

| | HOURS | WELFARE | RATE | RETIREE WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | ISPA | RATE | LECET | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **ADDITIONAL HOURS** | | | | | | | | | | | | | | | | | |
| 10-1-14 - 5-31-15 | 40.00 | 399.20 | 9.98 | 152.00 | 3.80 | 404.80 | 10.12 | 20.00 | 0.50 | 0.02 | 4.80 | 0.12 | 3.20 | 0.08 | 2.80 | 0.07 | 986.82 |
| 6-1-15 - 5-31-16 | 334.00 | 3,333.32 | 9.98 | 1,336.00 | 4.00 | 3,580.48 | 10.72 | 167.00 | 0.50 | 632.74 | 56.78 | 0.17 | 26.72 | 0.08 | 23.38 | 0.07 | 9,156.42 |
| 6-1-16 - 5-31-17 | 1.00 | | | | | | | | | | 0.17 | 0.17 | 0.08 | 0.08 | 0.07 | 0.07 | 0.39 |
| **SUBTOTAL** | 375.00 | 3,732.52 | | 1,488.00 | | 3,985.28 | | 187.00 | | 632.76 | 61.75 | | 30.00 | | 26.25 | | 10,143.56 |
| 10% LIQUIDATED DAMAGES | | | | | | | | | | | | | | | | | 75.09 |
| 20% LIQUIDATED DAMAGES | | 746.50 | | 297.60 | | 797.06 | | 37.40 | | 63.28 | 6.18 | | 3.00 | | 2.63 | | 1,878.56 |
| AUDIT COSTS | | 276.24 | | 276.24 | | 552.48 | | | | | | | | | | | 1,104.96 |
| ATTORNEY FEES | | | | | | | | | | | | | | | | | |
| ACCUM. LIQUIDATED DAMAGES | | | | | | | | | | 624.14 | | | | | | | 624.14 |
| ACCUM. INTEREST | | 1,157.54 | | 460.45 | | 1,232.89 | | 57.99 | | | 18.87 | | 9.29 | | 8.13 | | 2,945.16 |
| **TOTAL DUE** | | 5,912.80 | | 2,522.29 | | 6,567.71 | | 282.39 | | 1,320.18 | 86.80 | | 42.29 | | 37.01 | | 16,771.4 |



EXHIBIT
B

BECHSTEIN CONSTRUCTION CORPORATION
CHLAB-1017-03992
Acct #20598
October 1, 2014 through September 30, 2017
WITHOUT SOCIAL SECURITY NUMBERS

Page 1

# Calibre CPA Group, PLLC

Reconciliation of Differences Per Year

Chicago Laborers
Bechstein Construction Corp.
Case: CHLAB-1017-03992
Audit Period: 10/1/2014 - 9/30/2017
Fiscal Year End: May

Manager: Tim Kalnes
Auditor: Yaritza Vidaurre

## CUMULATIVE

| Findings | May 2017 | May 2016 | May 2015 | Total |
|---|---|---|---|---|
| **Fiscal Year Ending:** | | | | |
| Dollars Not Reported | | 16,872.50 | 0.50 | 16,873.00 |
| Hours Not Reported (Funds) | | 334.00 | 40.00 | 374.00 |
| Hours Not Reported (Dues) | 1.00 | 334.00 | 40.00 | 375.00 |
| **Dollar Amount Due** | | | | |
| Welfare Fund | | 3,333.32 | 399.20 | 3,732.52 |
| Retiree Welfare Prefunding | | 1,336.00 | 152.00 | 1,488.00 |
| Pension Fund | | 3,580.48 | 404.80 | 3,985.28 |
| Training Fund | | 167.00 | 20.00 | 187.00 |
| ISPA | 0.08 | 26.72 | 3.20 | 30.00 |
| LDCLMCC | 0.17 | 56.78 | 4.80 | 61.75 |
| LECET | 0.07 | 23.38 | 2.80 | 26.25 |
| Dues | | 632.74 | 0.02 | 632.76 |
| **Total** | 0.32 | 9,156.42 | 986.82 | 10,143.56 |

| | |
|---|---|
| Liquidated Damages | 5,400.73 |
| Dues Penalties | 624.14 |
| Dues Shortages | 0.00 |
| Audit Fee | 1,104.96 |
| Total Amount Due | 17,273.39 |

Page 2

# Calibre CPA Group, PLLC

Reconciliation of Differences Per Year

Chicago Laborers
Bechstein Construction Corp.
Case: CHLAB-1017-03992
Audit Period: 10/1/2014 - 9/30/2017
Fiscal Year End: May

Manager:   Tim Kalnes
Auditor:   Yaritza Vidaurre

## ALL FUNDS

| Findings                     | Fiscal Year Ending: | May 2016 | May 2015 | Total |
|------------------------------|---------------------|----------|----------|-----------|
| Dollars Not Reported         |                     | 16,872.50 | 0.50 | 16,873.00 |
| Hours Not Reported (Funds)   |                     | 334.00 | 40.00 | 374.00 |
| Hours Not Reported (Dues)    |                     | 334.00 | 40.00 | 374.00 |
| **Dollar Amount Due**        |                     |          |          |           |
| Welfare Fund                 |                     | 3,333.32 | 399.20 | 3,732.52 |
| Retiree Welfare Prefunding   |                     | 1,336.00 | 152.00 | 1,488.00 |
| Pension Fund                 |                     | 3,580.48 | 404.80 | 3,985.28 |
| Training Fund                |                     | 167.00 | 20.00 | 187.00 |
| ISPA                         |                     | 26.72 | 3.20 | 29.92 |
| LDCLMCC                      |                     | 56.78 | 4.80 | 61.58 |
| LECET                        |                     | 23.38 | 2.80 | 26.18 |
| Dues                         |                     | 632.74 | 0.02 | 632.76 |
| **Total**                    |                     | **9,156.42** | **986.82** | **10,143.24** |

**Total Amount Due**   10,143.24

Page 3

Local: Chicago Laborers
Contractor: Bechstein Construction Corp.
Case: CHLAB-1017-03992

## Calibre CPA Group, PLLC

### Details Report

Contract: *ISPA

#### Source: Hours Worked

| Employee Findings | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ZAWARUS, WAYNE | | | | | 40.00 | | | | | | | | 40.00 |
| Total | | | | | 40.00 | | | | | | | | 40.00 |

| Rate Table | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 9.9800 | | | | | 399.20 | | | | | | | | 399.20 |
| Retiree Welfare Prefunding | 3.8000 | | | | | 152.00 | | | | | | | | 152.00 |
| Pension Fund | 10.1200 | | | | | 404.80 | | | | | | | | 404.80 |
| Training Fund | 0.5000 | | | | | 20.00 | | | | | | | | 20.00 |
| ISPA | 0.0800 | | | | | 3.20 | | | | | | | | 3.20 |
| LDCLMCC | 0.1200 | | | | | 4.80 | | | | | | | | 4.80 |
| LECET | 0.0700 | | | | | 2.80 | | | | | | | | 2.80 |
| Total | | | | | | 986.80 | | | | | | | | 986.80 |

#### Source: Wages Paid

| Employee Findings | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ZAWARUS, WAYNE | | | | | 0.50 | | | | | | | | 0.50 |
| Total | | | | | 0.50 | | | | | | | | 0.50 |

| Rate Table | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0325 | | | | | 0.02 | | | | | | | | 0.02 |
| Total | | | | | | 0.02 | | | | | | | | 0.02 |

# Calibre CPA Group, PLLC

## Details Report

Page 4

Local: Chicago Laborers
Contractor: Bechstein Construction Corp.
Case: CHLAB-1017-03892
Contract: *ISPA

### Source: Hours Worked

| Employee Findings | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DIAZ_ENRIQUE | | | 41.50 | | | 15.00 | | | | | | | 56.50 |
| JIMENEZ_REFUGIO | | | 43.00 | | | | | | | | | | 43.00 |
| MARTIN_JOSEPH | | | 42.50 | | | 21.00 | | | | | | | 63.50 |
| ZAWARUS_KEVIN | | | 52.00 | | | 47.00 | | | | | | | 99.00 |
| ZAWARUS_WAYNE | | | 43.00 | | | 29.00 | | | | | | | 72.00 |
| Total | | | 222.00 | | | 112.00 | | | | | | | 334.00 |

| Rate Table | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 9.9800 | | | 2215.56 | | | 1117.76 | | | | | | | 3333.32 |
| Retiree Welfare Prefunding | 4.0000 | | | 888.00 | | | 448.00 | | | | | | | 1336.00 |
| Pension Fund | 10.7200 | | | 2379.84 | | | 1200.64 | | | | | | | 3580.48 |
| Training Fund | 0.5000 | | | 111.00 | | | 56.00 | | | | | | | 167.00 |
| ISPA | 0.0800 | | | 17.76 | | | 8.96 | | | | | | | 26.72 |
| LDCLMCC | 0.1700 | | | 37.74 | | | 19.04 | | | | | | | 56.78 |
| LECET | 0.0700 | | | 15.54 | | | 7.84 | | | | | | | 23.38 |
| Total | | | | 5665.44 | | | 2858.24 | | | | | | | 8523.68 |

### Source: Wages Paid

| Employee Findings | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DIAZ_ENRIQUE | | | 1656.20 | | | 588.00 | | | | | | | 2244.20 |
| HUNT_DANA | 52.50 | | | | | | | | | | | | 52.50 |
| JIMENEZ_REFUGIO | 51.60 | | 1744.40 | | | | | | | | | | 1796.00 |
| MARTIN_JOSEPH | 42.90 | | 1715.00 | | | 1587.60 | | | | | | | 3345.50 |
| ZAWARUS_KEVIN | 66.90 | | 2273.60 | | | 3841.60 | | | | | | 100.00 | 6282.10 |
| ZAWARUS_WAYNE | 45.60 | | 1744.40 | | | 1362.20 | | | | | | | 3152.20 |
| Total | 259.50 | | 9133.60 | | | 7379.40 | | | | | | 100.00 | 16872.50 |

| Rate Table | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0375 | 9.74 | | 342.52 | | | 276.73 | | | | | | 3.75 | 632.74 |
| Total | | 9.74 | | 342.52 | | | 276.73 | | | | | | 3.75 | 632.74 |

Page 5

# Calibre CPA Group, PLLC

Reconciliation of Differences Per Year

Chicago Laborers
Bechstein Construction Corp.
Case: CHLAB-1017-03992
Audit Period: 10/1/2014 - 9/30/2017
Fiscal Year End: **May**

Manager: Tim Kalnes
Auditor: Yaritza Vidaurre

## DUES ONLY

| Findings | May 2017 | Total |
|---|---|---|
| **Fiscal Year Ending:** | | |
| Hours Not Reported (Dues) | 1.00 | 1.00 |
| | | |
| **Dollar Amount Due** | | |
| ISPA | 0.08 | 0.08 |
| LDCLMCC | 0.17 | 0.17 |
| LECET | 0.07 | 0.07 |
| **Total** | **0.32** | **0.32** |

**Total Amount Due** | 0.32 |

Local: Chicago Laborers
Contractor: Bechstein Construction Corp.
Case: CHLAB-1017-0392

# Calibre CPA Group, PLLC

### Details Report

Page 6

Contract: *ISPA - Dues Only

**Source: Hours Worked**

| Employee Findings | 06/2016 | 07/2016 | 08/2016 | 09/2016 | 10/2016 | 11/2016 | 12/2016 | 01/2017 | 02/2017 | 03/2017 | 04/2017 | 05/2017 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MARTIN, JOSEPH | | | 1.00 | | | | | | | | | | 1.00 |
| Total | | | 1.00 | | | | | | | | | | 1.00 |

| Rate Table | | 06/2016 | 07/2016 | 08/2016 | 09/2016 | 10/2016 | 11/2016 | 12/2016 | 01/2017 | 02/2017 | 03/2017 | 04/2017 | 05/2017 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ISPA | 0.0800 | | | 0.08 | | | | | | | | | | 0.08 |
| LDCLMCC | 0.1700 | | | 0.17 | | | | | | | | | | 0.17 |
| LECET | 0.0700 | | | 0.07 | | | | | | | | | | 0.07 |
| Total | | | | 0.32 | | | | | | | | | | 0.32 |

**Calibre CPA Group, PLLC**
**Payroll Audit Information Sheet**

Page 1

I, Kelly MARMO , declare and state as follows: I am an Officer and
Shareholder of Bechstein Const Corp (hereinafter, the "Company") and I am duly
authorized to make the representations and Enter into the agreements set forth herein on behalf of the Company.

| | | | |
|---|---|---|---|
| Employer's Name | Bechstein Corp | Employer # | 20598 |
| Address | 17308 68th CT | Phone # | 708-532-3500 |
| City, State, ZIP | Tinley Park, IL 60477 | Fax # | 708-532-7774 |
| Email address | KMbechstein@Yahoo.com | FEIN | |
| Contact's name | Kelly MARMO | Title | Corp. Secretary |
| Person fund is to contact | Kelly MARMO | Title | Corp Secretary |
| Entity Type | Corporation | AVERAGE ANNUAL GROSS REVENUE | |
| Business Activity | Demolition & Excavation | | |

| OWNERSHIP-PRINCIPALS | TITLE | % | ADDRESS |
|---|---|---|---|
| Barbara Bechstein | President | 100% | |
| | | | |
| | | | |

BANKING FACILITIES USED AND ACCOUNT NUMBER   First Midwest Bank

DOES EMPLOYER HAVE A BOND? ☐ YES $_____   *(Please attach copy)* ☒ NO
BOND COMPANY NAME & PHONE #

IS EMPLOYER STILL IN BUSINESS?   ☒ YES   ☐ NO

Do any of the Company's shareholders or officers have a shareholder or officer position in another company or entity?
IF YES, LIST NAMES OF SAME   ☐ YES   ☒ NO

Has the Company employed any subcontractors owned or operated by any Officer, Shareholder, or family members of the Company's Officers and/or Shareholders?
IF YES, LIST NAMES OF SAME   ☐ YES   ☒ NO

Has the Company subcontracted work covered by the Laborers' collective bargaining agreement to any subcontractors that are not signatory with the Chicago Labor Union?
IF YES, LIST NAMES OF SAME   ☐ YES   ☒ NO

Is employer a member of any trade organization or association?   ☒ YES   ☐ NO
IF YES, LIST NAMES OF SAME   Local 150 Operator Engineers
Local 731 Teamsters

I, the undersigned, certify under penalty of perjury that the foregoing is true and correct.

Kelly Marmo , as Officer and Shareholder
of Bechstein Const Corp   Dated: 11/17/17

## Calibre CPA Group, PLLC
## Payroll Audit Information Sheet

| AUDIT DATE | 11/17/17 |
|---|---|

| AUDIT SITE (IF DIFFERENT FROM EMPLOYER'S ADDRESS | |
|---|---|

| AVERAGE # EE | 21 |
|---|---|
| AVERAGE # LAB | 5 |

| AVERAGE ANNUAL GROSS REVENUE | |
|---|---|

BANKING FACILITIES USED AND ACCOUNT NUMBER    First Midwest Bank

ALL REQUIRED ACCOUNTING RECORDS WERE AVAILABLE WITH THE EXCEPTION OF

BRIEFLY DESCRIBE THE NATURE OF THE DELINQUENCY, IF ANY

Under-reported hours and wages of individuals on payroll doing covered work

DID YOUR EXAMINATION UNCOVER ANYTHING SPECIAL OR UNUSUAL WHICH SHOULD BE BROUGHT TO THE ATTENTION OF THE FUND COUNSEL OR OTHER INTERESTED PERSONS?    ☐ YES    ☒ NO

IF YES, EXPLAIN

| AUDITOR | Yaritza Vidaurre |
|---|---|
| FIELD REPRESENTATIVE | Rocco Marcello |